## IN THE UNITED STATES DISTRICT COURT FOR THE

## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **GARY WADDEL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-21-480-J** |
| | ) | |
| **SCOTT CROW,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>REPORT AND RECOMMENDATION</u>

Petitioner, a state prisoner appearing *pro se*,[1] has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, alleging that he is a Cherokee Indian and that the state of Oklahoma did not have jurisdiction to prosecute him for the crimes of which he was convicted. (Doc. 1, "Petition," at 5). United States District Judge Bernard M. Jones referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 6). Respondent has filed a Motion to Dismiss and Brief in Support (Docs. 11, 12), to which Petitioner has not responded. For the reasons set forth below, the undersigned recommends that the Court grant Respondent's Motion and dismiss Petitioner's action.

---

[1] The court construes Plaintiff's *pro se* filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I.  Background

On September 21, 2006, Petitioner was sentenced in Comanche County District Court to: four years and three months of imprisonment for possession of a controlled dangerous substance (Case No. CF-2005-318), ten years of imprisonment for kidnapping and life imprisonment for first degree rape (Case No. CF-2005-327), and ten years of imprisonment for kidnapping and four years and ten months of imprisonment for unauthorized use of a motor vehicle (Case No. CF-2005-333), after a consolidated jury trial.  (*See* Doc. 12, Ex. 3, at 1).  Petitioner appealed his judgment and sentence to the Oklahoma Criminal Court of Appeals ("OCCA"), and the OCCA affirmed.  (*Id.* at 4).

In the Petition at issue, Petitioner states that he has not "previously filed any type of petition, application, or motion in a federal court regarding the conviction that [he is] challeng[ing]."  (Doc. 1, at 7).  However, on August 21, 2008, Petitioner filed a Petition for Writ of Habeas Corpus under § 2254, Case No. CIV-08-873-W.  The 2008 petition was stayed to give Petitioner an opportunity to exhaust state court remedies for his unexhausted claims.  *Waddel v. Jones*, CIV-08-873-W, 2008 WL 4919398 (W.D. Okla. Nov. 17, 2008).  After Petitioner sought additional state post-conviction relief, the District Court vacated the stay and eventually denied Petitioner's § 2254 petition on the merits.  *Waddel v. Jones*, CIV-08-873-W, 2009 WL 3379153 (W.D. Okla. Oct. 20, 2009).

Petitioner filed various post-conviction motions and applications in the state courts between 2007 and the filing of the present Petition, all of which were denied.  (*See* Doc. 12, at Exs. 5, 6, 9, 10, 17, 19, 28, 30, 33, 37).  Only one of Petitioner's applications for post-conviction relief, filed March 31, 2021, raised the jurisdictional argument presented

in the current Petition.  (Doc. 12, at Ex. 36).  In his Petition, Petitioner states the result of this post-conviction application is "[d]enied or unknown the State will not respond!"  (Doc. 1, at 4).  Petitioner's post-conviction application was denied by the District Court of Comanche County on May 10, 2021.  (Doc. 12, at Ex. 37).  A review of the Oklahoma State Court Networks shows that Petitioner has not sought higher review of this post-conviction application.[2]

## II.    Analysis

### A.    The Petition Should Be Dismissed as Second or Successive.

Under 28 U.S.C. § 2244(b)(2), a second or successive § 2254 petition containing a claim not presented in a prior application "shall be dismissed unless" specific criteria are satisfied.  Specifically, the applicant must show either "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and," if true, would "establish

---

[2]    https://www.oscn.net/dockets/GetCaseInformation.aspx?db=comanche&number=CF-2005-327&cmid=251931; https://www.oscn.net/dockets/GetCaseInformation.aspx?db=comanche&number=CF-2005-333&cmid=252204.    Petitioner filed this post-conviction application under case numbers CF-2005-327 and CF-2005-333 only.  A review of the docket for his third case, CF-2005-318, reveals no activity since Petitioner's March 2020 request for concurrent sentences. https://www.oscn.net/dockets/GetCaseInformation.aspx?db=comanche&number=CF-2005-318&cmid=251527.  The undersigned takes judicial notice of the docket sheets and related documents in Petitioner's state criminal proceedings. *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (citation omitted).

by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2). Under § 2244(b)(3)(A), an applicant must first seek authorization from the appropriate court of appeals for permission to file a second or successive habeas petition before filing such a petition in the district court.

The Petition presently before the court is a second or successive habeas petition, as Petitioner has already filed a § 2254 petition challenging the same convictions and sentences. *See Waddel v. Jones*, CIV-08-873-W, 2009 WL 3379153 (W.D. Okla. Oct. 20, 2009). Petitioner has not provided any evidence that he sought permission to file a second or successive habeas petition, and a search of the Tenth Circuit's docket does not show any application from Petitioner for such permission. Thus, the Petition is a second or successive petition filed without the authorization required by 28 U.S.C. § 2244(b)(3).

**B.    Transfer to The Tenth Circuit for Possible Authorization Is Not in the Interest of Justice.**

"A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until [the court of appeals] has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008); *see also Case v. Hatch*, 731 F.3d 1015, 1027 (10th Cir. 2013). When an action is filed in a court that lacks jurisdiction, the court "shall, <u>if it is in the interest of justice</u>, transfer such action or appeal to any other court . . . in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631 (emphasis added). Thus, a district court may either transfer an unauthorized second or successive § 2254 petition to the court of

appeals if "it is in the interest of justice to do so under § 1631, or it may dismiss the . . . petition for lack of jurisdiction." *Cline*, 531 F.3d at 1252.

Under the interest of justice analysis, "factors warranting transfer rather than dismissal . . . include finding that the new action would be time barred, that the claims are likely to have merit, and that the original action was filed in good faith rather than filed after plaintiff either realized or should have realized that the forum in which he or she filed was improper." *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006) (internal quotation marks and citations omitted). "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter . . . for authorization." *Cline*, 531 F.3d at 1252.

The undersigned recommends dismissing the Petition and finding transfer is not in the interest of justice because Petitioner has failed to exhaust his state court remedies.[3] "[A] state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991), *modified by Martinez v. Ryan*, 566 U.S. 1 (2012). A federal court cannot grant a state prisoner's habeas petition unless the petition satisfies the

---

[3] Respondent also argues that it is not in the interest of justice to transfer the Petition because it is time-barred under 28 U.S.C. § 2244(d)(1) and Petitioner cannot meet the requirements of § 2244(b) to authorize the filing of a successive habeas petition. (Doc. 12, at 12-26). The court need not address Respondent's alternative arguments in light of the recommended dismissal. *See Largent v. Nunn*, 2020 WL 6734673, at *3 (W.D. Okla. Oct. 20, 2020) ("Because the Court should dismiss the petition for failure to exhaust, the undersigned does not reach Respondent's statute-of-limitations argument.").

procedural prerequisites of 28 U.S.C. § 2254(b), including that the petitioner has exhausted his state-court remedies by presenting "the substance" of the claims to the state's highest court. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Bear v. Boone*, 173 F.3d 782, 784-85 (10th Cir. 1999) ("In order to fully exhaust state court remedies, a state's highest court must have had the opportunity to review the claim raised in the federal habeas petition."). To properly exhaust, a petitioner "must fairly present his claim in each appropriate state court . . . , thereby alerting that court to the federal nature of the claim" and giving the state the first "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted). Failure to exhaust is only excused where "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i), (ii).

Petitioner has not exhausted his claim that Oklahoma lacked jurisdiction to criminally prosecute him. Petitioner raised this claim in his March 31, 2021, application for post-conviction relief to the District Court of Comanche County. (Doc. 12, at Ex. 36). However, the District Court denied the application on May 10, 2021 (*id.* at Ex. 37), and Petitioner did not appeal. *See* Rule 5.2(C)(1), *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, ch. 18, app. (requiring that a party appealing a district court's final order in post-conviction proceedings file a notice of appeal within twenty days of the date the district court's order was filed).

Because Petitioner did not appeal the denial, the substance of the claim was not presented to Oklahoma's highest court, and the claim is not exhausted. Petitioner described

the outcome of this post-conviction application in his § 2254 Petition as "[d]enied or unknown the State will not respond!" (Doc. 1, at 4). But Petitioner has not alleged facts that would suggest an absence of available state corrective process or circumstances rendering such process ineffective to protect Petitioner's rights.

Petitioner therefore has not exhausted his claim challenging Oklahoma's jurisdiction over his crimes. Because Petitioner's claim is unexhausted and Petitioner hasn't alleged circumstances excusing the exhaustion requirement, his Petition would be subject to dismissal even if it were not a second or successive § 2254 petition. Therefore, transfer of the Petition to the Tenth Circuit for potential authorization is not in the interest of justice, and the Petition should be dismissed.

## III.   Recommendation and Notice of Right to Object

For the foregoing reasons, it is recommended that the Court **GRANT** Respondent's Motion to Dismiss (Doc. 11) and that the Petition for a Writ of Habeas Corpus (Doc. 1) be **DISMISSED** as second or successive. In addition, the undersigned recommends finding that a transfer to the Tenth Circuit Court of Appeals for possible authorization is not in the interest of justice.

**Petitioner is advised of the right to file an objection to this Report and Recommendation with the Clerk of Court by October 19, 2021**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

ENTERED this 28th day of September, 2021.


AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE