**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| GARY WADDELL, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-21-480-J |
| | ) |
| SCOTT CROW, | ) |
| | ) |
|     Respondent. | ) |

## ORDER

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Amanda Maxfield Green pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). [Doc. No. 13]. Respondent filed a Motion to Dismiss and Brief in Support [Doc. Nos. 11, 12], to which Petitioner did not respond. Judge Green recommends the Court grant Respondent's motion and dismiss the Petition for Writ of Habeas Corpus (Petition) [Doc. No. 1] as second or successive. Petitioner has timely filed his objections [Doc. No. 14] and the Court considers the matter de novo.

The facts and law are accurately set out in Judge Green's Report and Recommendation. Liberally construing his objections, Petitioner contends that, because the State of Oklahoma lacks subject matter jurisdiction under the Supreme Court's recent decision in *McGirt v. Okla.*, 140 S. Ct. 2452 (2020), he "has surmounted the AEDPA's standards." [Doc. No. 14] at 22. Petitioner's arguments, however, do not address the requirement under 28 U.S.C. § 2244(b)(3)(a) that an applicant must first seek authorization from the appropriate court of appeals for permission to file a second or successive § 2254 petition containing a claim not presented in a prior application. The Petition before the Court is a second or successive habeas petition, as Petitioner has previously filed a § 2254 petition challenging the same convictions and sentences. *See Waddel v. Jones*, CIV-

08-873-W, 2009 WL 3379153 (W.D. Okla. Oct. 20, 2009).  Petitioner has not provided evidence that he sought permission to file a second or successive habeas petition, and a search of the Tenth Circuit's docket does not show an application from Petitioner for such permission.  Thus, the Petition is a second or successive petition filed without the authorization required by 28 U.S.C. § 2244(b)(3), which the Court lacks jurisdiction to hear.  *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive . . . 28 U.S.C. § 2254 claim until [the Tenth Circuit] has granted the required authorization.").  Moreover, for the reasons set forth by Judge Green, it is not in the interest of justice to transfer the Petition to the Tenth Circuit for authorization.  *See* 28 U.S.C. § 1631; *id*.

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 13] and DISMISSES the Petition for Writ of Habeas Corpus [Doc. No. 1] without prejudice.  A separate judgment shall be entered.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner.  A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Petitioner has failed to make either showing and the Court denies the COA.

IT IS SO ORDERED this 18th day of October, 2021.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE